PANISH SHEA & BOYLE LLP
KEVIN R. BOYLE, State Bar No. 192718
  *boyle@psblaw.com*
JESSE M. CREED, State Bar No. 272595
  *creed@psblaw.com*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WEBB, an individual and as Successor-In-Interest of DECEDENT MARIA WEBB, and STEVEN VOSSELLER, as guardian ad litem of A.W. for purposes of this suit;<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, a government entity<br><br>Defendant. | Case No. **'18CV2431 W   AGS**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **NEGLIGENCE (FEDERAL TORT CLAIMS ACT, 28 U.S.C. §§ 1346(b), 2671-2680 )**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiffs MARK WEBB, an individual and as Successor-In-Interest of DECEDENT MARIA WEBB, and STEVE VOSSELLER, as guardian ad litem (application pending) of Decedent's daughter A.W.("Plaintiffs"), bring this action against Defendant alleging negligence resulting from a motor vehicle collision on January 9, 2018, when a Customs and Border Protection agent, while acting in the course and scope of his work for Defendant UNITED STATES OF AMERICA, and

1  driving a motor vehicle owned by Defendant UNITED STATES OF AMERICA,
2  sped through a red light, excessively speeding over the posted speed limit, and
3  struck Decedent's vehicle, causing it to overturn, resulting in death to Decedent (the
4  "Subject Incident").

## PARTIES

2.  At all times relevant herein, Plaintiff MARK WEBB was a United States citizen, a citizen and resident of the State of California.

3.  At all times relevant herein, Plaintiff Real-Party-in-Interest A.W. was a United States citizen, a citizen and resident of the State of California. STEVEN VOSSELLER has consented to serve as the guardian ad litem of A.W. under Rule 17 of the Federal Rules of Civil Procedure for purposes of this suit. His application for an order appointing him as such will be filed as soon as a district court judge is assigned to this case.

4.  At all times relevant herein, Decedent MARIA WEBB was a United States citizen, a citizen and resident of the State of California.

5.  Defendant UNITED STATES OF AMERICA (UNITED STATES), is a government entity organized and existing under the laws of the United States of America and conducting regular business in the State of California, County of San Diego. Plaintiffs are informed and believe, and thereupon allege, that at the time of the Subject Incident, employee Customs and Border Protection (CBP) agent Christopher Joseph Carlson negligently injured Decedent while in the course and scope of his employment with the U.S. Customs and Border Protection, an entity under the United States Department of Homeland Security. Plaintiffs are informed and believe, and thereupon allege, that Mr. Carlson was acting in his employment for the Department of Homeland Security and driving a vehicle owned by the Department of Homeland Security, an agency of Defendant the UNITED STATES, when he caused the collision with Decedent's vehicle, and therefore was the agent of

the Department of Homeland Security for purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (hereinafter FTCA), and was acting under the immediate jurisdiction of such government entity, thereby making the Defendant UNITED STATES liable for his acts and omissions.

## JURISDICTION VENUE AND STANDING

6. This Court's jurisdiction over claims against the UNITED STATES arises under 28 U.S. Code §§ 1331(b), 1346(b), and the FTCA, 28 U.S.C. §§ 2671-2680.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1402(b) because it is the federal district in which a substantial part of the events or omissions giving rise to these claims occurred.

8. Plaintiffs MARK WEBB, as an individual and on behalf of his daughter A.W., presented Administrative Claims for himself and his daughter to U.S. Customs and Board Protection, the appropriate Federal Agency, for personal injury and wrongful death on June 27, 2018. The Department of Homeland Security denied their claims in a written letter dated August 17, 2018 that was sent by certified mail.

9. Plaintiffs' Administrative Claims have been perfected under FTCA, to the extent such perfection is required, and now Plaintiffs commence this action pursuant to 28 U.S. Code § 2675 and § 2401. Accordingly, Plaintiffs have a right to sue the UNITED STATES in law (FTCA).

## GENERAL ALLEGATIONS

10. On January 9, 2018, at approximately 12:33 a.m. (or before), Decedent wrongfully died while driving southbound on Hunte Parkway through the intersection with Otay Lakes Road in Chula Vista, County of San Diego, State of California, when a Customs and Border Protection agent, while in the course and scope of his duties for Defendant UNITED STATES and driving a Chevrolet Tahoe owned by Defendant UNITED STATES, ran a red light and was speeding at least 15

mph above the posted speed limit. Defendant's vehicle struck the side of Decedent's vehicle in the intersection, pushing Plaintiff's vehicle across the intersection and causing it to roll until it came to rest on its roof. Decedent died as a result of the impact.

11.　At all times relevant during the Incident, Decedent MARIA WEBB was operating Decedent's Vehicle.

12.　Plaintiffs are informed, believe, and thereupon allege that at the time of the Incident, the CBP agent who was driving the vehicle that caused the Incident was in the course and scope of employment with the Department of Homeland Security and thereby Defendant UNITED STATES, when the Incident occurred.

## FIRST CAUSE OF ACTION
## NEGLIGENCE (FTCA)

13.　Plaintiffs restate and incorporate herein by reference and every allegation and statement contained in the prior paragraphs.

14.　Plaintiffs' First Cause of Action is for negligence, and is brought against Defendant UNITED STATES as an action in law pursuant to jurisdiction provided by the Federal Tort Claims Act (FTCA).

15.　Plaintiffs are informed, believe, and thereupon allege that the CBP agent who was driving the vehicle that caused the Incident owed a duty of care to Plaintiffs to operate his vehicle reasonably, while obeying applicable law and the rules of the road, and to maintain control of his vehicle in a safe manner so as to not endanger the motoring public. Plaintiffs are further informed, believe, and thereupon allege that the CBP agent, who was driving the vehicle that caused the Incident while acting in the course and scope of his employment with U.S. Customs and Board Protection (as a subdivision of the U.S. Department of Homeland Security), and DEFENDANT UNITED STATES, breached that duty of care by negligently and recklessly operating his vehicle in such a grossly negligent manner that it caused the Subject Incident and resulting death to Decedent.

16. Plaintiffs are informed, believe, and thereupon allege that Defendants' negligent and reckless conduct directly and proximately caused the Subject Incident and the resulting death to Decedent.

17. Plaintiffs are informed, believe, and thereupon allege that the conduct of the CBP agent who was driving the vehicle that caused the Subject Incident, occurred while said CBP agent was within the course and scope of his employment, agency and/or service with Defendant UNITED STATES, which is vicariously liable for the same negligent conduct.

18. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Decedent wrongfully died, which compelled Decedent to employ the services of hospitals, doctors, physicians, paramedics, and nurses. Plaintiffs are further informed and believe, and thereon allege, that they are deprived of Decedent's past, present, and future earnings, which will be stated according to proof.

19. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Plaintiffs are prevented from enjoying the financial support Decedent would have contributed to the family, the gifts or benefits Plaintiffs would have received from Decedent, and the reasonable value of household services Decedent would have provided.

20. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Plaintiffs were forced to incur funeral and burial expenses.

21. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Plaintiffs have suffered and will indefinitely suffer the loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support, and training and guidance.

22. As a legal, direct and proximate result of the aforementioned conduct of Defendant UNITED STATES, Plaintiff MARK WEBB has suffered and will

indefinitely suffer the loss of enjoyment of sexual relations with Decedent.

## PRAYER FOR DAMAGES

**WHEREFORE**, Plaintiff Mark Webb, an individual, and as a Successor in Interest of Decedent Maria Webb, and Steve Vosseller as a guardian ad litem of A.W., hereby prays for judgment against Defendant as follows:

1. For all available general damages (also known as non-economic damages);

2. For all available special damages (also known as economic damages), including but not limited to, past hospital, medical, professional, and incidental expenses and loss of past, present, and future earnings according to proof;

3. For costs of suit and prejudgment interest as awardable by law;

4. For attorneys' fees, if available; and

5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution, on all causes of action as to all Defendants.

DATED:  October 16, 2018        PANISH SHEA & BOYLE LLP

By:      /s/ Jesse Creed
         Kevin R. Boyle
         Jesse M. Creed
         Attorneys for Plaintiffs